IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

KENNETH V. AWE,

                 ORDER

      Petitioner,

                 10-cv-413-bbc

  v.

GRANT COUNTY WISCONSIN CIRCUIT 2,

      Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

   On July 23, 2010, petitioner Kenneth Awe, a prisoner at the Greensville Correctional Center in Jarratt, Virginia, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 along with a request to proceed in forma pauperis. In three subsequent orders, petitioner was told that in order for the court to determine whether he qualifies for indigent status, he must submit a trust fund account statement for the six-month period immediately preceding the filing of his petition or alternatively, he could pay the $5 filing fee. Now, petitioner has submitted a "Request for Indigent Services" form signed on September 8, 2010, in which a correctional official checked a box on the form indicating "Indigent Status Verified." Unfortunately, petitioner's submission is not sufficient to allow me to determine whether he qualifies to proceed in forma pauperis in this action.

1

This court uses one method for determining the indigent status of all institutionalized persons, even in cases like this one that fall outside of the Prison Litigation Reform Act. See Longbehn v. United States, 169 F.3d 1082 (7th Cir. 1999). In Longbehn, the court of appeals held that even in cases where the PLRA did not apply, a litigant has a legal responsibility to pay the filing and docketing fees to the extent feasible. Further, the court said, "putting 20% of one's available balance (or average monthly income) towards this legal obligation is not an undue burden on filing a suit or taking an appeal." Id.

Therefore, if petitioner intends to pursue his request to proceed in forma pauperis in this action, he will have to submit a trust fund account statement for the six-month period immediately preceding the filing of his petition so that I can determine whether he qualifies for indigent status. I will grant petitioner one last extension of time until November 8, 2010 to submit either a six-month trust fund account statement or the $5 habeas corpus filing fee. No further extensions will be granted.

ORDER

IT IS ORDERED that petitioner Kenneth Awe may have until November 8, 2010, in which to submit (1) a statement beginning approximately January 22, 2010 and ending approximately March 31, 2010, and (2) a statement beginning approximately May 1, 2010 and ending approximately June 30, 2010. Alternatively, petitioner may have until November

2

8, 2010, in which to pay the $5 fee for filing his petition. If, by November 8, 2010, petitioner does not pay the filing fee or submit the required trust fund account statements, the clerk of court is directed to close this case for petitioner's failure to prosecute it.

Entered this 19th day of October, 2010.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

3